**MOLOLAMKEN**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/12/2025__

rkry@mololamken.com
www.mololamken.com

February 11, 2025

The Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

BY ECF AND EMAIL

>  Re:  *Archirodon Construction (Overseas) Co. v. General Company for Ports of Iraq, et al.*, No. 24-mc-00393

Dear Judge Torres,

     We represent petitioner Archirodon Construction (Overseas) Company Limited ("Archirodon") in the above-captioned matter. Pursuant to Section IV(A)(ii) of Your Honor's Individual Practices and Section 6 of this Court's Electronic Case Filing Rules & Instructions, Archirodon respectfully requests permission to file under seal its *Ex Parte* Motion for Appointment of a Receiver and for a Restraining Notice, and the supporting memorandum, declaration and exhibits thereto, and proposed order and restraining notice.

     Despite the ordinary presumption of public access, documents may be filed under seal when "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "The interests in favor of non-disclosure can include 'the danger of impairing law enforcement or judicial efficiency.'" *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832, 2022 WL 17751466, at *2 (S.D.N.Y. Dec. 19, 2022) (Torres, J.) (quoting *In re Application of United States for Material Witness Warrant*, No. 19-mc-447, 2020 WL 3959208, at *3 (S.D.N.Y. July 13, 2020)). A key consideration is "whether public access to the materials at issue is likely to impair in a material way" the performance of the Court's functions. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

     Those standards are met here. Archirodon holds a valid judgment against the three respondents that it obtained from the U.S. District Court for the District of Columbia and then registered in this District. Declaration of Robert K. Kry in Support of Letter Motion to Seal ("Kry Sealing Decl.") ¶ 2. Archirodon's sealed motion seeks to satisfy that judgment in part by appointing a receiver to sell property that one respondent owns in this District. *Id.* Archirodon also seeks a restraining notice with respect to that property. *Id.*

Sealed treatment is necessary so that the Court can consider the motion and grant effective relief without the risk of asset flight or opportunistic claims by other judgment creditors. If respondents were given advance notice of Archirodon's attempt to execute against the target asset, they could seek to avoid execution by selling the asset and expatriating the proceeds. Kry Sealing Decl. ¶ 4. In addition, if the motion is filed on the public docket, another creditor may seek to obtain priority over Archirodon by serving other process on respondents. *Id.* ¶ 5.

The sealing order Archirodon seeks is "narrowly tailored" to preserve those important interests. *Lugosch*, 435 F.3d at 124. Archirodon seeks only to seal its motion and related filings for a limited period until it can obtain effective *ex parte* relief. If the Court grants the motion, Archirodon will serve the motion and order on respondents and will file the motion and supporting papers on the public docket. Sealing thus will not prejudice either respondents or the public.

Courts in this Circuit have repeatedly permitted sealing of similar motions seeking to enforce judgments against the assets of foreign judgment debtors. *See, e.g.*, *Levinson v. Kuwait Fin. House (Malaysia) Berhad*, 44 F.4th 91, 94 (2d Cir. 2022) (noting sealing of *ex parte* motion for execution on foreign government assets); *Does 1 Through 7 v. Taliban*, No. 6:22-cv-990, 2023 WL 4532763, at *4 (N.D.N.Y. July 12, 2023) (noting sealing of *ex parte* motions to execute on Taliban assets); *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 597 F. Supp. 3d 657, 662 (S.D.N.Y. 2022) (noting temporary sealing of *ex parte* motion for attachment of foreign bank assets). The Court should permit temporary sealing here so that it can consider Archirodon's motion and grant effective relief without frustrating Archirodon's interests in enforcing its judgment.

Respectfully submitted,

Robert K. Kry

GRANTED.

SO ORDERED.

Dated: February 12, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge